# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDDY FERNANDEZ-ROMERO, | : | CIVIL NO. 3:CV-09-0894 |
| Petitioner | : | |
| v. | : | (Judge Munley) |
| MARY E. SABOL, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Freddy Fernandez-Romero ("petitioner"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), imprisoned at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, on May 11, 2009. (Doc. 1). He seeks "his immediate release under reasonable conditions of supervision or, in the alternative, a hearing before an impartial adjudicator, at which Respondents bear the burden of establishing his continued detention is justified." (Id. at 2.) Respondents initially filed a response on June 19, 2009.[1] (Doc. 14). Due to ongoing

---

[1] Named as respondents are the following: Mary E. Sabol, Warden of York County Prison; Thomas R. Decker, Field Office Director for Deportation and Removal in the Philadelphia Office of ICE; John P. Tores, Assistant Secretary of ICE; Janet Napolitano, Secretary of Homeland Security; Eric Holder, Attorney General of the United States. Pursuant to 28 U.S.C. § 2243, the writ of habeas corpus shall be directed to the petitioner's custodian. It is the warden of the prison where the petitioner is held who is considered the custodian for purposes of a habeas action. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). The petitioner is incarcerated at the York County Prison. Accordingly the only proper respondent is Mary E Sabol, the Warden of York County Prison. All other named respondents will be dismissed.

ICE proceedings, respondents were recently directed to file a status report. That report, which detailed proceedings that occurred since the June 2009 response, was filed on December 14, 2009. (Doc. 17.) Review of all relevant filings has been undertaken and, for the reasons discussed below, the petition will be partially granted in that the Immigration Judge will be directed to consider petitioner's continued detention during the course of his removal proceedings at his January 19, 2010 hearing.

I. **Background**

Petitioner is a native and citizen of Costa Rica. (Doc. 14-2, at 8.) He was admitted to the United States at Los Angeles, California, on or about July 6, 1964, and his status was adjusted to that of lawful permanent resident. (Id.) He was taken into ICE custody on April 29, 2008. (Doc. 14-2, Declaration of Kent J. Frederick, Chief Counsel for the Philadelphia Office of ICE ("Frederick Decl."), at 17, ¶ 2.) On May 9, 2008, he was served with a notice to appear indicating that he was removable under sections 237(a)(2)(A)(iii) because he was convicted in the Court of Common Pleas of Philadelphia on May 12, 2006, of an offense relating to the illicit trafficking in a controlled substance, and 237(a)(2)(B)(i) of the INA based on a conviction relating to a controlled substance.

He appeared before the Immigration Judge ("IJ") on July 10, 2008. However, the proceedings were adjourned because petitioner represented that the appeal of his criminal case was still pending. ICE later learned that his conviction was affirmed in May 2008. (Doc.14-2, Frederick Decl, at 17, ¶ 3.) He was scheduled to appear on July 23, 2008, but the

2

proceedings were continued until August 14, 2008, because petitioner had contracted a highly contagious infection. (Id. at ¶ 4.) On August 14, 2008, the IJ found the criminal conviction to be final for immigration purposes, but adjourned ruling on the aggravated felony charge because the conviction records had not yet arrived. (Id. at 5.) At the August 14, 2008 hearing, petitioner informed the IJ that he believed he was a United States citizen because he was adopted by his United States citizen stepfather. (Id. at 6.) The proceedings were again adjourned, this time to allow petitioner "to file an application form N-600 with U.S. Citizenship and Immigration Services (USCIS), to determine if he had derived U.S. citizenship." (Id. at 17, ¶ 6.) On September 18, 2008, USCIS denied the N-600 application determining that petitioner did not have derived citizenship. (Id. at 18, ¶ 9; Doc. 14-2, at 21.) On October 20, 2008, petitioner advised the IJ that he would be appealing the denial of derivative citizenship.

At the IJ's suggestion, on November 11, 2008, petitioner filed a second N-600. That application was also denied. (Id. at ¶ 14; Doc. 14-2, at 24.) On February 18, 2009, he informed the IJ that he would be filing a third N-600. (Id. at ¶ 15.) On April 18, 2009, petitioner informed the IJ that he had secured counsel and that he had filed a third N-600. In addition, he requested to be released on bond. The IJ denied bond finding petitioner subject to mandatory detention under section 236(c) of the INA. (Id. at ¶ 16.) On June 22, 2009, petitioner appeared before the IJ with counsel and the IJ informed the parties that he would make a decision on alienage, unless a hearing was required, and the proceedings were

adjourned until July 21, 2009. (Doc. 17-2, at 4, ¶ 18.) At the request of petitioner's counsel, the hearing was reset to August 19, 2009. (Id. at ¶ 19.) At the August hearing, counsel requested another continuance, which was granted over the objection of ICE's counsel. On October 20, 2009, the hearing was adjourned yet again to afford petitioner's attorney the opportunity to brief the issue of whether petitioner's conviction should be considered an aggravated felony. (Id. at ¶ 22.) Petitioner was scheduled to appear before the IJ on December 15, 2009. Although it is not known what occurred at that hearing, according to ICE's telephonic information system, petitioner is next scheduled to appear before the IJ on January 19, 2010.

## II. Discussion

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions by § 236 of the INA, 8 U.S.C. § 1226. Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States. Although § 1226(a) permits discretionary release of aliens on bond, § 1226(c) (1) states that "The Attorney General shall take into custody any alien who . . . (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1).

Respondent takes the position that petitioner is subject to mandatory detention under 236(c) during the entire course of his removal proceedings, regardless of the duration of the

proceedings. (Doc. 14, at 17.) Petitioner argues that he "has been incarcerated by the immigration authorities since May 8, 2008, even though he poses no significant danger or flight risk, while he has challenged the Government's efforts to remove him. During the entire period of his imprisonment, Petitioner has never had a hearing to determine whether his prolonged detention is justified." (Doc. 1, at 1.) He contends that his prolonged detention, without a hearing to determine if such detention is justified, violates both the Immigration and Nationality Act (INA) and the Constitution." (Id. at 2.) He seeks "his immediate release under reasonable conditions of supervision or, in the alternative, a hearing before an impartial adjudicator, at which Respondents bear the burden of establishing his continued detention is justified." (Id.)

The United States Supreme Court held in Demore v. Kim, 538 U.S. 510 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during removal proceedings does not violate the protections guaranteed under the Constitution. In Demore, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible, even when there has been no finding that they are unlikely to appear for their deportation proceedings. See id., 538 U.S. at 523-524. Significantly, the Demore court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," 538 U.S. at 513, 523, "limited," id. 526, 529 n.

12, 531, and "temporary," id. at 531, period necessary for removal proceedings. When it moves beyond the brief and limited period reasonably necessary to accomplish removal proceedings, mandatory detention is inconsistent with both the due process required by the Constitution and the statutory purposes of the INA.

The growing consensus within this district and, indeed it appears throughout the federal courts, is that the prolonged detention of aliens under § 1226(c) raises serious constitutional concerns. See, e.g., Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005); Ly v. Hansen, 351 F.3d 263, 267-68 (6th Cir. 2003); Lawson v. Gerlinski, 332 F. Supp.2d 735, 744-46 (M.D.Pa. 2004); Prince v. Mukasey, 593 F.Supp.2d 727, 734 (M.D.Pa. 2008); Madrane v. Hogan, 520 F. Supp.2d 654 (M.D.Pa. 2007). Although mandatory detention under § 1226(c) serves the statutory purpose of guaranteeing an alien's presence at removal proceedings, prolonged detention contravenes the intent of Congress that such proceedings proceed expeditiously. Ly, 351 F.3d at 269; see also Patel v. Zemski, 275 F.3d 299, 304 (3d Cir.2001), overruled on other grounds by Demore, 538 U.S. at 516 (noting "[t]he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens").

Based on review of the record of the removal proceedings that have been conducted to date, this court concludes that the removal proceedings have not taken an "unreasonably long time," Ly, 351 F.3d at 268, and petitioner has not been subject to what can be considered the type of "prolonged detention," Wilks v. DHS, Civil Action No. 1:07-CV-2171, 2008 WL

6

4820654 (M.D.Pa. Nov. 3, 2008) (Caldwell, J.), that warrants habeas relief. Although approximately twenty months have passed since petitioner was taken into custody, the record demonstrates that most of the delays in the proceedings are largely attributable to petitioner. For instance, the proceedings were first adjourned because petitioner represented that his criminal appeal was still pending. This was not the case. His criminal conviction had been affirmed two months prior to the hearing date. In August 2008, petitioner first informed the IJ that he believed he was eligible for derivative citizenship. Since that date, numerous continuances have been necessary to allow petitioner to pursue three separate applications for derivative citizenship and to obtain counsel. Following a recent adjournment, "ICE counsel made an independent search regarding Romero's continued application claiming that he had derived citizenship. ICE counsel's investigation determined that there was insufficient proof that Romero had derived citizenship and the USCIS's determination on this matter [that petitioner had not derived citizenship,] had been correct." (Doc. 17-2, Frederick Decl., at 4, ¶ 23.) It is not clear what transpired at the most recent hearing that was held on December 15, 2009. The next hearing date is scheduled for January 19, 2010.

However, given the circumstances of this case, and the length of petitioner's detention, which is approaching a duration that is problematic, ICE will be directed to specifically address petitioner's continued detention at the January 19, 2010. At that hearing, the IJ should require that the proceeding move in an expeditious manner. The IJ should also require the government to provide specific reasons why the continuation of petitioner's

somewhat lengthy detention is justified by bearing the burden of proving the petitioner to be a flight risk or danger to the community. See Wilks, Civil Action No. 1:07-CV-2171, 2008 WL 4820654 at *3 (M.D.Pa. Nov. 3, 2008) (Caldwell, J.).

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
**United States District Court**

Dated: December 31st, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDDY FERNANDEZ-ROMERO, : CIVIL NO. 3:CV-09-0894
:
Petitioner :
: (Judge Munley)
v. :
:
MARY E. SABOL, et al., :
:
Respondents :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 31st day of December 2009, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. All respondents, with the exception of Mary E. Sabol, Warden of York County Prison and custodian of petitioner, are DISMISSED.

2. The petition for writ of corpus is PARTIALLY GRANTED to the extent that the Immigration Judge shall consider petitioner's continued detention during the course of his removal proceedings at his January 19, 2010 hearing and the government shall have the burden of proving that petitioner is a flight risk or a danger to the community.

3. The petition is DENIED in all other respects.

4. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court